ACCEPTED
01-14-00317-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/28/2015 4:31:00 PM
CHRISTOPHER PRINE
CLERK

## 01-14-00317-CV

### In the

### 𝔉irst Court of 𝔄ppeals

### Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/28/2015 4:31:00 PM

CHRISTOPHER A. PRINE
Clerk

Pelco Construction, Co.

Appellant,

v.

Chambers County, Texas, Kurt Amundson and
Amundson Consulting, Inc.

Appellees.

On Appeal from the 334th Judicial District Court
Chambers County, Texas
Trial Court Cause No. CV26356

### Appellee's Brief

Mills Shirley L.L.P.
2228 Mechanic St., Ste. 400
Galveston, Texas 77550
409.761.4001

Robert E. Booth
Texas Bar No. 24040546
rbooth@millsshirley.com

Attorney for Appellees
Kurt Amundson and
Amundson Consulting, Inc.

### Oral Argument Requested

**Appellate Counsel for Plaintiff/Appellant**

**Pelco Construction Company:**

Appellate Counsel:

Daryl L. Moore
Texas Bar No. 14327420
daryl@heightslaw.com
Daryl L. Moore, P.C.
1005 Heights Boulevard
Houston, Texas 77008
713.529.0048

**Trial Counsel:**

Fredrick L. McGuire
Texas Bar No.24001190
rickmcguire@rickmcguire.com
Etta Davidson
Texas Bar No. 07495750
etta@rickmcguire.com
Law Office of Frederick L. McGuire
714 Main Street
Liberty, Texas 77575
936.336.9809

**Defendant/Third-party plaintiff/Appellee**

**Chambers County, Texas**

Trial and Appellant Counsel:

Nathan M. Brandimarte
Texas Bar No. 24026915
nmb@obt.com
James H. Chesnutt
Texas Bar No. 04187500
jhc@obt.com
Robert L. Florance
Texas Bar No. 24087520
rflorance@obt.com
Orgain, Bell & Tucker, LLP
470 Orleans Street
Beaumont, Texas 77701
409.838.6412

**Defendants/Appellees**

**Kurt Amundson and Amundson Consulting, Inc.**

Counsel at trial:

Jack C. Brock
Texas Bar No. 03040800
jbrock@millsshirley.com
Robert E. Booth
Texas Bar No. 24040546
rbooth@millshirley.com
Mills Shirley L.L.P.
2228 Mechanic St., Ste. 400
Galveston, Texas 77550
409.763.2341

Counsel on appeal:

Robert E. Booth
Texas Bar No. 24040546
rbooth@millsshirley.com
Mills Shirley L.L.P.
2228 Mechanic St., Ste. 400
Galveston, Texas 77550
409.761.4001

# TABLE OF CONTENTS

Identity of Parties and Counsel ........................................................ i

Table of Contents .......................................................................... iv

Index of Authorities ...................................................................... vi

Statement of the Case ..................................................................... 1

Issues Presented ............................................................................. 2

Responsive Statement of Facts ......................................................... 2

    A. Chambers County contracts with Dannenbaum to design the Oaks Island Fire Station. ............................................................. 3

    B. Dannenbaum contracts with Amundson Consulting for staff support services. ...................................................................... 3

    C. Chambers County moves forward to the construction phase of the Project. ......................................................................... 4

    D. Pelco Construction submits a winning bid and contracts directly with Chambers County. ................................................. 5

    E. The Project construction begins. ............................................. 5

    F. Chambers County temporarily suspends the Project at its discretion. .......................................................................... 6

    G. The course of proceedings at the trial court. ............................. 6

Summary of Argument ..................................................................... 9

Argument and Authorities ............................................................... 9

1. The Standard of Review ..................................................................... 9

2. Kurt Amundson cannot be individually liable to Pelco because he provided services to Chambers County and the Project under Amundson Consulting's contract with Dannenbaum Engineering. ...... 9

3. Kurt Amundson and Amundson Consulting cannot be liable to Pelco for misrepresentations as a matter of law. ................................ 13

   A. Pelco appeals claims arising from the pre-bid conference and abandons claims arising from the suspension of work. ................. 13

   B. Pelco cannot justifiably rely on pre-contract oral statements regarding FEMA funding because its contract with Chambers County does not provide that payments are contingent upon FEMA reimbursement. ................................................................. 14

   C. Amundson established that his statements could have been fraud because the dispute regarding reimbursement arose after the pre-bid conference. ................................................................ 16

   D. If the Court correct granted summary judgment for Chambers County, than Pelco cannot maintain claims against Amundson because Pelco's improper termination of the contract is the proximate cause of its damages. .................................................. 16

**Conclusion and Prayer** ............................................................................. 17

# INDEX OF AUTHORITIES

*Cases*

*DeClaire v. G & B Mcintosh Family Ltd. P'ship*, 260 S.W.3d 34 (Tex. App. —Houston [1st Dist.] 2008, no pet.) ...................................................... 15

*Dew v. Crown Derrick Erectors, Inc.,* 208 S.W.3d 448 (Tex. 2006). ................. 18

*Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.,* 960 S.W.2d 41, 46-48 (Tex. 1998). .......................................................... 10

*Gulf Liquids New River Project, LLC v. Gulsby Eng'g, Inc.,* 356 S.W.3d 54 (Tex. App.—Houston [1st District] 2011, no pet.) ........................... 17

*H2O Solutions, Ltd. v. PM Realty Grp., LP*, 438 S.W.3d 606 (Tex. App.—Houston [1st Dist.] 2014), reh'g overruled (Aug. 14, 2014), review denied (Jan. 16, 2015). ........................................................... 15

*IKON Office Solutions, Inc. v. Eifert,* 125 S.W.3d 113 (Tex. App.— Houston [14th Dist.] 2003, pet. denied ........................................................... 16

*In re HRM Holdings, LLC*, 421 B.R. 244 (Bankr. N.D. Tex. 2009 ..................... 11

*Menetti v. Chavers*, 974 S.W.2d 168 (Tex. App.—San Antonio 1998, no pet.). ...................................................................................................... 10

*Ocram, Inc. v. Bartosh*, 2012 WL 4740859 (Tex. App.—Houston [1st Dist.] Oct. 4, 2012) ................................................................................. 11

*Rutherford v. Atwood*, No. 01-00-0113-CV, 2003 WL 22053687 (Tex. App.—Houston [1st Dist.] Aug. 29, 2003, no pet). ................................. 12

*Valence Operating Co. v. Dorsett*, 164 S.W.3d 656 (Tex.2005). ........................... 9

*Statutes*

TEX. BUS. ORG. CODE § 21.223 .................................................................. 10, 11

STATEMENT OF THE CASE

Appellee agrees with the statement of case presented by Appellee

Chambers County, Texas with the following additions:

| | |
|---|---|
| **Nature of the Suit** | Pelco sued Kurt Amundson and his wife Margie Amundsen[1] in their individual capacities, and Amundson Consulting, Inc. for fraud, negligence and negligent misrepresentation. 4CR1035; 7CR4075-4077. |
| **Pretrial Proceedings** | Margie Amundsen filed a special appearance and was subsequently nonsuited from the lawsuit by Pelco without a hearing. 3CR1713. Kurt Amundson moved for summary judgment regarding his individual liability and Amundson Consulting moved for summary judgment based upon the economic loss doctrine. 6CR3798-3817. At hearing the trial court stated it was prepared to grant summary judgment in favor of Kurt Amundson individually, but wanted to defer the defense economic loss as to Amundson Consulting and enter an order consistent with the other rulings in favor of Chambers County. 3RR63-64. Amundson passed the hearing and subsequently filed another summary judgment on Pelco's claims. 7CR4259. The trial court then granted a single take-nothing summary judgment in favor of Kurt Amundson and Amundson Consulting. 7CR4581. This summary judgment order was merged into the final judgment. 8CR4934. |

---

[1] This is the correct spelling; Margie J. Amundsen retains her maiden name.

To The Honorable First Court of Appeals:

Appellees Kurt Amundson and Amundson Consulting, Inc., submit this opening brief and request the Court affirm the orders of the trial court order of summary judgment against Appellant's claims.[2]

### ISSUES PRESENTED

**Reply to Issue IV.** The trial court correctly granted the motion for summary judgment because there can be no liability against Kurt Amundson individually and Pelco's claims against Amundson Consulting fail as a matter of law.

### RESPONSIVE STATEMENT OF FACTS

Hurricane Ike struck the upper Texas coast causing damage to the Chambers County Oak Island Volunteer Fire Station. The Federal Government allocated funding to reimburse Chambers County to rebuild. FEMA administered this funding.

---

[2] References to the Clerk's Record will be [Volume] CR [page] and SCR [page]. References to the Reporter's Record will be RR [page].

2

A. *Chambers County contracts with Dannenbaum to design the Oaks Island Fire Station.*

Dannenbaum entered into the Master Services Agreement (the "MSA") with Chambers County to rebuild the Oak Island Fire Station (the "Project"). 3CR1608-1622.

For purposes of the Project, Alan Hirshman and architect Steven McGarraugh provided services to Engineering Company – Houston, LLC in their capacities as design professionals for Dannenbaum Engineering Corporation. 3CR1567; *see* also 6RR150.

The MSA provided for two phases. 3CR1608-1622. Phase I consisted of assessment and design and Phase II involved the construction and contract management. *See* i*d*.

B. *Dannenbaum contracts with Amundson Consulting for staff support services.*

For 28 years, Kurt Amundson has assisted local governments in obtaining and implementing FEMA public assistance to complete projects to repair damages sustained from disasters. 3CR1568; 3CR1585-1587. Amundson and his wife Margie Amundsen own Amundson Consulting which is the company Amundson uses to conduct business. *Id.*

Amundson Consulting entered into a Staff Support Agreement with Dannenbaum whereby Amundson Consulting provided "technical support

3

personnel … to work under the supervision, direction and control of Engineer." 3CR1624-1627.

For his work under this agreement, Kurt Amundson used the email address "kurt.amundson@dannenbaum.com" and identified himself to Chambers County and Pelco as working for Dannenbaum. 3CR1568. Kurt Amundson did not use his company's name in dealing with Chambers County or Pelco. 3CR1585-1587. Amundson's actions regarding the Project were directed and controlled by Dannenbaum's design professional, Alan Hirshman. *Id.*

C. *Chambers County moves forward to the construction phase of the Project.*

After getting approval from FEMA for reimbursement, Chambers County asked Dannenbaum to submit an amendment to the Project Worksheet to cover increased design and construction costs. Amundson corresponded with FEMA justifying increases to the already approved Project Worksheet. 7CR4096

While the amendment was pending, Chambers County moved forward to Phase II of the MSA.

D. *Pelco Construction submits a winning bid and contracts directly with Chambers County.*

Pelco attended a pre-bid conference for the Project. See 6RR151. Hirshman and Kurt Amundson represented Chambers County at the conference and answered questions of the potential bidders. 6CR3800. In particular, Hirshman highlighted that the Project differed from other Chambers County projects because the County was seeking reimbursement from FEMA, and then he explained various details of the design necessitated by FEMA's requirements. *See* 6RR53-54. In particular, Dannenbaum's drawings contained a sophisticated flood resistant foundation.

Pelco submitted the winning bid and entered into a standard AIA form contract with Chambers County for construction of the Project. 6CR3556. This contract does not mention that Chambers County's costs on the Project are FEMA reimbursable nor does it not make the County's payment obligations contingent upon FEMA reimbursement. 6CR3644.

E. *The Project construction begins.*

Dannenbaum provided stamped construction plans and Pelco began construction. Kurt Amundson served as Pelco's primary point of contact for Dannenbaum. 3CR1586. At Hirshman's instruction, Kurt Amundson

monitored Pelco's construction to ensure compliance with the contract terms, conditions, and specifications. *Id.*

F. *Chambers County temporarily suspends the Project at its discretion.*

On or about October 28, 2010, Chambers County directed Dannenbaum to temporarily suspend Pelco's work in order to get approval of the amended Project Worksheet. 6CR3556.

Forty days later, FEMA approved the amendment and Hirshman informed Pelco to remobilize. *Id.*

Pelco did not remobilize, and sent a "Seven-day notice of termination" letter invoking Article 14 of its contract with the County, which allows Pelco to terminate in the event of "issuance of an order of a court or other public authority having jurisdiction which requires all Work to be stopped;…" 6CR3556-3557, 3562. Pelco reasoned that FEMA required the work to be stopped. 6CR3557; 3664-70.

Unfortunately, for Pelco, it was Chambers County who suspended the work, not FEMA. 6CR3556.

G. *The course of proceedings at the trial court.*

Pelco's filed suit claiming it "had the right to terminate the contract with Chambers County on the grounds that work was stopped in excess of

6

thirty consecutive days by an order of a governing agency which jurisdiction….” 1CR37. Pelco maintained this claim at trial. 7CR4066.

After deposing a FEMA representative, Pelco learned that FEMA did not order the work to stop, nor did it have jurisdiction to order a stop to Pelco's work.

Subsequently, Pelco filed a first amended petition alleging claims against Dannenbaum, Alan Hirshman and Steven McGarraugh (the “Dannenbum Defendants”) and Amundson Consulting, Inc., Kurt Amundson and Margie Amundsen. 1CR349-351; 2CR1033-1035. Margie Amundsen filed a special appearance and was subsequently nonsuited from the lawsuit by Pelco without a hearing. 3CR1713.

The trial court dismissed the Dannenbaum Defendants, Kurt Amundson and Amundson Consulting for failure to comply with Civil Practices & Remedies Code 150.002 by providing a certificate of merit. 3CR 1470; 3CR1798. The First Court of Appeals upheld the dismissal of the Dannenbaum Defendants but reversed as to the Amundsons. *Pelco Constr., Inc. v. Dannenbaum Eng'g Corp.,* 404 S.W.3d 48, 54–55 (Tex. App.— Houston [1st Dist.] 2013, no pet.).

After the appeal, Kurt Amundson moved for summary judgment regarding his individual liability and Amundson Consulting moved for summary judgment based upon the economic loss doctrine. 6CR3798-3817.

On November 22, 2013, the Court heard and granted Chambers County's third motion for summary judgment filed on October 29, 2013, thereby dismissing Pelco's breach of contract and Prompt Payment claims. 7CR4258; 3RR35-36.

During this same hearing, the Court heard argument on the Amundson Defendants' motion for summary judgment on economic loss and individual liability. 3RR47-64. Ultimately, the trial court stated it was prepared to grant summary judgment in favor of Kurt Amundson individually, but wanted to defer economic loss as to Amundson Consulting and enter an order consistent with the other rulings in favor of Chambers County. 3RR63-64.

Subsequently, the Amundson Defendants filed another summary judgment on Pelco's misrepresentation claims based upon the Court's findings of fact and prior orders. 7CR4581. Amundson Consulting's motion argues for summary judgment because the trial court granted summary judgment on Pelco's contract claims against Chambers County holding that Pelco unreasonably terminated its contract. As such Pelco did not justifiably

or reasonably rely on Amundsons' representations as a matter of law and Pelco's alleged damages were not proximate caused by the Amundsons. 7CR4266-4270. Pelco opposed the motion. 7CR4548.

The trial court granted a take-nothing summary judgment in favor of Kurt Amundson and Amundson Consulting, Inc. 7CR4581-82.

## Summary of Argument

The trial court properly granted Appellees' motion for summary judgment.

## Argument and Authorities

### 1. The Standard of Review

The Appellate Court reviews summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005). A movant is entitled to traditional summary judgment if (1) there are no genuine issues as to any material fact and (2) the moving party is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).

### 2. Kurt Amundson cannot be individually liable to Pelco because he provided services to Chambers County and the Project under Amundson Consulting's contract with Dannenbaum Engineering.

Individuals contracting on behalf of corporations are shielded from personal liability as long as they do not disregard the corporate structure. *See* Tex. Bus. Org. Code § 21.223. "As a general rule, the

9

failure to perform the terms of a contract is a breach of contract, not a tort," and the mere failure to perform a contract is not evidence of fraud. *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 46-48 (Tex. 1998).

A finding of contract liability against a corporation does not necessarily amount to a finding of liability against individuals. "The corporate structure is designed to shield shareholders from just such liability." *Menetti v. Chavers*, 974 S.W.2d 168, 171 (Tex. App.—San Antonio 1998, no pet.). The purpose of a corporation is to protect persons from personal liability.

Under the Texas Business Organizations Code §21.223 there is only a viable claim to disregard a corporate structure if there was: (1) an actual fraud perpetrated *and* (2) such fraud directly benefitted the alleged perpetrator(s). *See In re HRM Holdings, LLC*, 421 B.R. 244, 248 (Bankr. N.D. Tex. 2009 (emphasis in original). If there is legal or factually insufficient evidence of a direct personal benefit to an owner resulting from fraud, the corporate disregard finding cannot stand.

Even if factually sufficient evidence of fraud existed,[3] there is no claim or evidence of a direct personal benefit to Kurt Amundson. Texas courts have held the "direct personal benefit" required by the Code must "relate to the transaction at issue." *Ocram, Inc. v. Bartosh,* 2012 WL 4740859, *3 (Tex. App.—Houston [1st Dist.] Oct. 4, 2012); *Rutherford v. Atwood*, No. 01-00-0113-CV, 2003 WL 22053687 (Tex. App.—Houston [1st Dist.] Aug. 29, 2003, no pet). Thus in *Rutherford*, evidence that a corporation's sole shareholder and corporate officer drew money from the corporate bank account when he needed it for personal matters such as car payments, his personal home mortgage, or investments; and that he issued corporate checks to his wife, although she rendered no services to the corporation, was legally insufficient to support a verdict of corporate disregard because the personal draws were not related to the transaction at issue. *Id*.

In this case, Dannenbaum contracted with Amundson Consulting, Inc. and not with Kurt Amundson individually. 6CR3847. Pelco's manager Michael Ramirez knew that Kurt Amundson worked for Dannenabum and not in his individual capacity. 6CR3820-3821.

---

[3] This statement does not constitute an admission of fraud.

11

Kurt Amundson was a staff member for Amundson Consulting and all interactions with others were explicitly made on behalf of Amundson Consulting in its capacity as a staff support for Dannenbaum. *See* 6CR3847; *see also* 6CR3820-3821. Dannenbaum paid Amundson Consulting for services performed under the Staff Support Agreement. 3CR1792-1793. Amundson Consulting then paid Kurt Amundson as a W-2 employee for the same work performed under the Staff Support agreement. *Id*. Kurt Amundson was only employee Amundson Consulting assigned to work under Dannenbaum's control. *Id*.

Pelco's primary point of contact for Dannenbaum was Kurt Amundson. 3CR1690. As such of Pelco's "correspondence, phone calls and e-mails" to the engineer were sent through Kurt Amundson. *Id*. For his work under this agreement, Kurt Amundson used the email address "kurt.amundson@dannenbaum.com" and identified himself to Chambers County and Pelco as working for Dannenbaum. 3CR1568. Kurt Amundson did not use his company's name in dealing with Chambers County or Pelco. 3CR1585-1587.

The Court properly granted summary judgment in favor of Kurt Amundson individually.

3. **Kurt Amundson and Amundson Consulting cannot be liable to Pelco for misrepresentations as a matter of law.**

*A. Pelco appeals claims arising from the pre-bid conference and abandons claims arising from the suspension of work.*

In the trial court, Pelco's response argued that Amundson made two misrepresentations: (1) An oral statement during the pre-bid conference that the Project was approved by FEMA; and (2) An oral statement that FEMA ordered the suspension in work. 7CR4551-4554.

On appeal, Pelco abandons the claims arising from the suspension of work, and only argues that but for Amundson's alleged oral representations that "FEMA funding was approved and in place for the project to go forward, with no remaining paperwork to be done," Pelco would not have bid on the Project. Appellant's Brief at 29.

Since Pelco abandoned it claims arising from the suspension of work the Court of Appeals should uphold the judgment against Pelco's claims against Amundson arising from the suspension of work.

Even if the claims arising out of suspension of work has not been abandoned, Pelco's trial counsel conceded that Pelco did not have the right to terminate the contract. 2RR20.

*B. Pelco cannot justifiably rely on pre-contract oral statements regarding FEMA funding because its contract with Chambers County does not provide that payments are contingent upon FEMA reimbursement.*

A party cannot justifiably rely on a statement that directly contradicts the express terms of the parties' written agreement. *DeClaire v. G & B Mcintosh Family Ltd. P'ship*, 260 S.W.3d 34, 46–47 (Tex. App. —Houston [1st Dist.] 2008, no pet.); *H2O Solutions, Ltd. v. PM Realty Grp., LP*, 438 S.W.3d 606, 625 (Tex. App.—Houston [1st Dist.] 2014), reh'g overruled (Aug. 14, 2014), review denied (Jan. 16, 2015).

Amundson's efforts to educate Pelco about the design was intended to ensure the County obtained a facility that complied with FEMA standards. Pelco's allegations of fraud are nothing more a leaps of logic turning a representation about a project being reimbursable from FEMA into a representation that the project 100% funded.

Whether or not FEMA approved the amendment to the Project Worksheet at the time of the pre-bid conference is of no consequence because Pelco's compensation was not contingent upon Chambers County receiving FEMA's reimbursement. 6CR3644. Regardless, FEMA never revoked its funding, and ultimately, the amendment was approved. 7CR4165.

14

Furthermore, the contract contains an entireties clause which would merge prior representations into the contract. 7CR4286. This merger clause expressly covers oral representation and prohibits evidence of additional pre-contract terms from serving as the basis for a fraudulent inducement claim. *See IKON Office Solutions, Inc. v. Eifert,* 125 S.W.3d 113, 125–28 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (providing that provisions that contract was "entire agreement" and requiring any modifications to be in writing barred fraudulent-inducement claim under *Schlumberger* ). *Gulf Liquids New River Project, LLC v. Gulsby Eng'g, Inc.,* 356 S.W.3d 54, 75 (Tex. App.—Houston [1st District] 2011, no pet.)

Pelco argues that there is nothing in the record to indicate that Amundson's alleged misrepresentations at the pre-bid conference were "made on behalf of Chambers County." Appellant's Brief at 32 FN 10. But Pelco conceded this fact in its petition on file at the time of the summary judgment hearing. 7CR4058-4059. As such, the contract's merger clause would integrate Amundson's alleged misrepresentations and preclude Pelco's fraud claim.

C. *Amundson established that his statements could have been fraud because the dispute regarding reimbursement arose after the pre-bid conference.*

The pre-bid conference occurred in April 2010. 7CR4274. On June 8th, Pelco entered into the contract for construction of the Project. 7CR4060. Two days later on June 10th, FEMA first disputed whether the last amendment to the design was reimbursable. *Id*.

When Amundson made the alleged misrepresentation. Chambers County and Amundson did not yet know that FEMA would dispute the reimbursement eligibility for a small portion of the Project. As such, it is impossible for Amundson to have known that his alleged misrepresentation was false.

D. *If the Court correct granted summary judgment for Chambers County, than Pelco cannot maintain claims against Amundson because Pelco's improper termination of the contract is the proximate cause of its damages.*

The trial court determined that Pelco had no right to terminate the Contract based upon the 40-day suspension. 7CR43564. Pelco's remaining claims against Amundson arise from damages sustained resulting from its improper termination of its contract with Chambers County.

Pelco's later decision to improperly terminate the contract with Chambers County is unrelated to Amundson's pre-bid representations and is

the sole proximate cause of its damages. "A new and independent cause is one that intervenes between the original wrong and the final injury such that the injury is attributed to the new cause rather than the first and more remote cause." *Dew v. Crown Derrick Erectors, Inc.*, 208 S.W.3d 448, 450 (Tex. 2006). The intervening cause relieves the original wrongdoer of liability for negligence because the intervening negligence destroys "the causal connection between [the original] negligence and the plaintiff's injury[.]" *Id.*

## Conclusion and Prayer

For the reasons stated in this brief, Kurt Amundson and Amundson Consulting, Inc. request the Court affirm the order of summary judgment and final judgment below. Appellees also request any other proper relief.

Respectfully submitted,

**Mills Shirley L.L.P.**
2228 Mechanic St., Ste. 400
Galveston, Texas 77550
Telephone:409.761.4001
Facsimile: 409.763.2879

By: */s/ Robert E. Booth*
    Robert E. Booth
Texas Bar No. 24040546
rbooth@millsshirley.com

ATTORNEYS FOR APPELLEES

KURT AMUNDSON
AMUNDSON CONSULTING, INC.

## CERTIFICATE OF SERVICE

As required by TEX. R. APP. P. 6.3 and 9.5(b), (d), (e), I certify that I served a correct copy of this document to all counsel of record on January 28, 2015.

    */s/ Robert E. Booth*
    Robert E. Booth

    *01/28/2015*
    Date

18

## Certificate of Compliance

I certify that this document was produced on a computer using *Microsoft Word 2013* and contains 2,723 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

*/s/ Robert E. Booth*

Robert E. Booth

*01/28/2015*

Date
